IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERMA ROGERS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0837-WS-C |
| ) | |
| GUYOUNGTECH USA, INC., *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

      On April 14, 2008, the undersigned entered an Order (doc. 11) directing plaintiff, who is represented by counsel, to show cause on or before April 21, 2008 why her claims in this action against defendant Carol Bevans should not be dismissed without prejudice pursuant to Rule 4(m), Fed.R.Civ.P., for failure to prosecute, and for failure to comply with the orders of this Court. Plaintiff has not responded in any manner to the Show Cause Order, and the deadline for doing so has expired.

      The law is clear that "[a] plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Rule 4(m), Fed.R.Civ.P., provides in pertinent part as follows:

> "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must dismiss the action without prejudice against that defendant or order that service be made within a specified time*. But *if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period*."

*Id.* (emphasis added). On its face, then, Rule 4(m) provides for dismissal if service is not achieved within 120 days, absent either (a) good cause for a plaintiff's dilatory service or (b) a decision by the Court to exercise its discretion in favor of extending the time for service without a showing of good cause. *See Lepone-Dempsey*, 476 F.3d at 1281-82. Unquestionably, plaintiff has made no showing of good cause, having neglected to respond to the Show Cause Order. To

be sure, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). However, the Court perceives nothing in the particularized circumstances of this litigation that might warrant the exercise of discretion in favor of extending the time for service of process on this defendant.

Aside from Rule 4(m) considerations, plaintiff's noncompliance with both the Service Order (doc. 3) and the Show Cause Order (doc. 11) constitutes a further ground for dismissal. District courts possess inherent power to sanction errant litigants before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders."). These incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute or failure to follow court orders. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *see generally McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion."). Indeed, Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). Here, plaintiff has shown no inclination to prosecute her claims against defendant Bevans in the nearly five months that this action has been pending in this District Court, and has disregarded two court orders relating to service of process issues. Therefore, in addition to the Rule 4(m) principles, dismissal is warranted on grounds of failure to prosecute and to comply with court

orders, as the Court determines that lesser sanctions will not suffice to remediate plaintiff's pattern of delay and non-compliance.

In light of the foregoing, plaintiff's claims against defendant Carol Bevans are **dismissed without prejudice** for non-compliance with Rule 4(m), Fed.R.Civ.P., and as a sanction for plaintiff's failure to prosecute those claims or to comply with Court orders concerning same.

DONE and ORDERED this 23rd day of April, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE