**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ERMA RODGERS, | : |
| Plaintiff, | : |
| vs. | : CA 07-0837-WS-C |
| GUYOUNGTECH USA, INC., MOO CHAN LEE and CAROL BEVANS, | : |
| | : |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on a motion to dismiss for failure to prosecute filed by defendants Guyoungtech USA, Inc. and Moo Chan Lee (Doc. 16) as amended (Doc. 21). Upon consideration of the motion, and after observing plaintiff's continuous disregard for the orders entered by this court, the undersigned recommends that the defendants' motion be **GRANTED** and the plaintiff's claims **DISMISSED WITH PREJUDICE** for failure to prosecute and abide by even the simplest of this court's mandates.

**I. BACKGROUND**

**A. Factual Background/Procedural History**

1. On December 3, 2007, Ms. Rogers filed her complaint (Doc. 1) in the instant action, then represented by counsel.

2. On February 11, 2008, the undersigned entered a scheduling order (Doc. 10) that set the cut-off date for the discovery period as October 1, 2008. Part of that document includes the notice: "The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party... to one or more of the sanctions authorized by Rule 16(f)." (*Id.* at § 17)

3. Defendants first served interrogatories on and requested the production of documents from Ms. Rogers on February 27, 2008. (Doc. 16, Exhibit A)

4. On April 14, 2008, this court entered an order to show cause (Doc. 11), directing the plaintiff to explain why her claims against Carol Bevans should not be dismissed for failure to prosecute and for failure to comply with the orders of this court. She was given until April 21, 2008 to do so. *Id.*

5. On April 23, two days after Ms. Rogers failed to meet the deadline established in the paragraph above, her claims against defendant Carol Bevans were dismissed without prejudice for non-compliance with Fed.R.Civ.P. 4(m), and as a sanction for her failure to prosecute those claims or comply with related court orders. (Doc. 12)

6. On June 2, 2008, Ms. Rogers' then-attorney, Jay Lewis, filed to

withdraw as her counsel (Doc. 13), and on the very next day, the undersigned granted Mr. Lewis' motion to withdraw, and Ms. Rogers continued her case *pro se*. (Doc. 14).  Mr. Lewis informed the court in his request for withdrawal that Ms. Rogers had been "continuously non-responsive to [his] numerous attempts to contact her by phone, email, and U.S. [mail] regarding important issues and deadlines in her case." *(Id.)*

   7.  On the morning of June 19, 2008, the undersigned held a telephone hearing involving Ms. Rogers and the defendants.  At this hearing, the undersigned reiterated to Ms. Rogers the obligations she was under as a *pro se* plaintiff, and Ms. Rogers assured the undersigned that she would abide by the court's rulings, the Federal Rules of Civil Procedure, local rules, and other rules and orders of this court.  (Doc. 18, p. 2)

   8.  At this telephone conference, the undersigned instructed Guyoungtech to proceed with noticing Ms. Rogers' deposition, and defense counsel duly did so for July 23, 2008.  Ms. Rogers was served with this notice on July 2, 2008 (Doc. 16, Exhibit B).

   9.  Also during the same telephone conference, the undersigned gave Ms. Rogers until June 25, 2008, to respond to the defendants' discovery requests, despite the fact that they were already overdue at that point.  As of the date of this writing, she still has not done so, exhibiting blatant disregard for this court's orders.

10. Counsel for the defendants sent Ms. Rogers a letter dated June 30, 2008, requesting her already-late response, using the address from the court's record. (Doc. 16, Exhibit E)

11. When Federal Express (FedEx) attempted to deliver the letter, they discovered that the address was incorrect, and so the defense counsel discovered a separate address for Ms. Rogers, her parents' residence on Cater Road in Peterman, Alabama. (Doc. 16, ¶ 8)

12. On July 2, 2008, defense counsel sent Ms. Rogers another letter (Doc. 16, Exhibit D) via certified mail (Doc. 16, Exhibit C), but defense counsel has not received a certified receipt to show Ms. Rogers' acceptance of the letter, meaning they are unaware of whether she has indeed received the letter. (Doc. 16, ¶ 9)

13. A day later, or July 3, 2008, FedEx attempted to deliver their original missive, the letter of June 30th, but Ms. Rogers was not present to sign for it. Someone made attempts to contact her by mobile phone, but the number listed in her personnel file was not in service, nor was the number listed in the file for the Peterman address. (Doc. 16, ¶ 10)

14. Finally, on July 7, 2008, FedEx successfully delivered the June 30 letter to Ms. Rogers' Montgomery address, (Doc. 16, Exhibit E) but it was signed for by Ms. Rogers' father. (Doc. 16, ¶ 11)

15. To this day, Ms. Rogers has yet to contact defendants' counsel

regarding her (extremely late) discovery responses.  (*Id.*)

16.  On July 23, the undersigned ordered Ms. Rogers to respond to the written discovery requests by defense counsel no later than August 4, 2008, to sit for her deposition on August 8, 2008, and perhaps most importantly, to show cause by August 11, 2008, as to why her case should not be dismissed for failure to prosecute and follow the lawful orders of this court.  (Doc. 18, p. 3-4)

17.  As of this writing, Ms. Rogers has not responded to defense counsel's discovery requests, has failed to appear for her deposition on August 8th, and has completely failed to produce any document whatsoever explaining why her case should not be dismissed for failure to prosecute.

18.  For all of these reasons, defense counsel brings the current motion requesting the court to dismiss Ms. Rogers' complaint with prejudice, pursuant to Fed. R. Civ. P. 37.  (Doc. 21)

**II.  DISCUSSION**

**A. Motion to Dismiss**

1.  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." *Id.*; *see also Environmental Biotech v. Sibbitt Enterprises, Inc.*, 2007 WL 2993997, *2 (M.D. Fla. 2007) ("The

authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  Rule 41(b) is a "'housekeeping measure' which allows the Court to manage its docket, further the policy of expeditious resolution of litigation, and prevent prejudice to a defendant from delay." *Stolt-Nielson, Inc. v. Zim Israel Navigation Co., Ltd.*, 879 F.Supp. 1223, 1225 (S.D. Ga. 1994) (citation omitted), *vacated on other grounds*, 67 F.3d 314 (11th Cir. 1995).

2.  Because a Rule 41(b) dismissal with prejudice is an extreme sanction, it should only be ordered "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Welch v. Comcar Industries*, 139 Fed.Appx. 138, 139, 2005 WL 1189626, *1 (11th Cir. 2005), citing *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).  The Eleventh Circuit has indicated that this sanction is appropriate only when "(1) a party engaged in a clear pattern of delay or willful contempt (contumacious conduct[1]); and (2) the district court specifically finds that lesser sanctions

---

[1] "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as 'protracted foot-dragging,' 'defiance of court orders,' 'ignoring warnings,' and

would not suffice." *Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005) (citations omitted; footnote added); *see also McKelvey v. AT&T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("[T]he sever sanction of dismissal-with prejudice or the equivalent- should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'"). This harsh sanction "is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K. Agencies, Ltd.*, *supra*, 432 F.3d at 1338 (citation omitted).

    3.  This court specifically finds that Ms. Rogers' conduct demonstrates a disavowal of the undersigned's orders and of the entire legal process that is of such an egregious nature that no sanction other than the ultimate one of dismissal with prejudice will suffice. In answer to Mr. Thoreau's question,[2] Ms. Rogers' various failures to comply with the rules and orders of this court first caused her counsel to withdraw, then caused defense counsel to enter into a wild goose chase in attempting to duly notify her of a fact she must have already known– that her responses to their discovery requests were overdue. This court specifically notes that the

---

'wasteful expenditure of the court's time.'" *Hudson v. Cardwell Corp.*, 2006 WL 2135791, *2 (S.D. Ala. 2006) (citations omitted).

[2] "One would think, that a deliberate and practical denial of its authority was the only offence never contemplated by government; else, why has it not assigned its definite, its suitable and proportionate, penalty?," Henry David Thoreau, from "Resistance to Civil Government" (1849) in *The Writings of Henry David Thoreau*, vol. 4, p. 367, Houghton Mifflin (1906).

undesigned himself alerted Ms. Rogers to the possibility that her case would be dismissed for failure to prosecute over a month previous to this writing, and yet she has continued her pattern of abject ignorance of the court's words.  Borrowing from the words of Shakespeare, "It is the disease of not listening, the malady of not marking, that I am troubled withal."  Falstaff, in William Shakespeare's *Henry IV*, part 2, act 1, sc. 2,1.

4.  In sum, Ms. Rogers has given this court no foundation on which to build an excuse for her conduct and (therefore) impose a lesser sanction than dismissal with prejudice.

### III. CONCLUSION

It is hereby recommended that Ms. Rogers' complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and abide by the orders of this Court.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 2nd day of September, 2008.

                s/WILLIAM E. CASSADY
                UNITED STATES MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.       *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                          s/WILLIAM E. CASSADY
                                                          UNITED STATES MAGISTRATE JUDGE